By the Court.—Mohell, Ch. J.
I think it quite clear that the representations alleged in the defendant’s answer were material, and affected the question of his liability as guarantor.
He was about becoming surety for the payment of rent and certain other moneys, and the performance of covenants by Neilson, whose ability to pay such rent and moneys, and perform such covenants, depended upon the truth of the representations, which the plaintiffs made in respect to the lease, premises and business which Neilson was about to undertake. If such representations were true, there was little, or certainly less risk, in the defendant’s becoming the guarantor ; for a valuable property and profitable business would secure the success of his principal, and enable him to perform all his engagements.
The answer alleges that the defendant was induced by the representations, to sign the guaranty ; and he has .the right to insist, that if they were fraudulently made, he shall be relieved from his liability. They were not the expressions of mere opinions, but the assertion of facts, presumed to be known to the plaintiffs, and not known to the defendent, and upon which *412 he had the right to rely, to influence his act of becoming surety.
Nor is there any force in the objection, that there was no rescission of the contract by Neilson. That can not affect the rights of his surety. Had Neilson attempted to avail himself of the fraud, it would have been a good answer, that he had not surrendered the lease and restored the .property to the plaintiffs. But the defendant’s contract is so far independent of Neil-son, that nothing that he could do, or omit to do, could destroy or impair the defendant’s right of setting up a fraud practiced upon himself by the plaintiffs.
I think the defense was improperly excluded, and that there should be another trial.
Judgment and order reversed, and a new trial ordered, with costs to appellant, to abide the event.
Freedman and Sedgwick, JJ., concurred.